IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KARI LYNN OVERINGTON,

    Plaintiff,

v.

LEVI FISHER, et al.,

    Defendants.

: Civil Action No. 21-1133-RGA

---

Kari Lynn Overington, Milton, Delaware.   Pro Se Plaintiff.

George Thomas Lees, III, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.   Counsel for Defendants.

**MEMORANDUM OPINION**

August ___, 2022
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Kari Lynn Overington appears *pro se*. She commenced this lawsuit on August 4, 2021, and alleges violations of her constitutional rights pursuant to 42 U.S.C. § 1983. (D.I. 2). Before the Court are Defendants' motion to dismiss and Plaintiff's motion to amend the complaint. (D.I. 8, 12). The matters have been fully briefed.

## I. BACKGROUND

Plaintiff, who is a cancer survivor, reserved the vanity license plate "FCANCER" through the Delaware Division of Motor Vehicles online reservation process on December 2, 2020. (D.I. 2 at 4). On January 6, 2021, Plaintiff appeared in person at the Dover DMV office and completed the approval process to purchase the vanity plate. (*Id.*). She received the vanity plate on February 3, 2020. (*Id.*).

Plaintiff received a letter dated June 23, 2021 from Defendant Levi Fisher, general manager at the Dover DMV, notifying her that the DMV was recalling the license plate "FCANCER" because it "does not represent the State and the Division in a positive manner" and "any plate considered offensive in nature will be denied or recalled if issued in error." (*Id.* at 6). Plaintiff alleges that these statements highlight the subjective nature of the vanity plate process and Fisher's judgment about the meaning of "FCANCER." (*Id.*). On July 12, 2021, Plaintiff received an email from Defendant Nicole Majeski, Delaware DOT secretary, confirming the vanity place had been recalled and responding to Plaintiff's concerns:

> [W]e also must ensure that we are not approving vanity plates that contain obscenity, vulgarity, profanity, hate speech or fighting words. Your vanity place FCANCER contains a perceived profanity, the abbreviation for the work [sic] 'F*@k', and for that reason, it must be recalled.

1

(*Id.*). Plaintiff alleges that these statements show that regardless of the actual meaning of the "FCANCER" vanity plate, the DMV has perceived profanity and is basing its decision on its perception of the content of Plaintiff's vanity plate message. (*Id.*).

In a July 22, 2021 email, Defendant Jana Simpler, Delaware DMV director, confirmed that the vanity place had been recalled, stating "the word "F*@k" . . . remains within the definition of profanity, such that it is not appropriate for depiction on a license plate issued by the State of Delaware." (*Id.*). The Complaint alleges that the statement is "false" because the vanity place does not contain the word "fuck." (*Id.*). Plaintiff alleges that Simpler is drawing a subjective conclusion and enforcing an arbitrary decision that "FCANCER" is not appropriate for depiction on a license plate issued by the State of Delaware while at the same time there are many other acceptable vanity plates on vehicles right now that in Plaintiff's subjective opinion could be considered inappropriate. (*Id.*).

Plaintiff alleges that Defendants, in their official capacities, violated her First Amendment Rights by recalling her vanity plate and imposing content-based and viewpoint-based restrictions on her speech. (*Id.*). She seeks declaratory and injunctive relief, as well as reasonable attorneys' fees. (*Id.* at 2-3).

Defendants move for dismissal on the grounds that the Complaint fails to state a claim upon which relief can be granted and Defendants have qualified immunity for the claims raised against them in their individual capacities.[1] (D.I. 8). Plaintiff opposes the motion to dismiss and moves to amend to clarify that the claims are raised against

---

[1] The Court will not address the issue of qualified immunity given that the Court will grant Plaintiff's motion to amend to name Defendants in their official capacities only.

2

Defendants only in their official capacities. (D.I. 12, 13). Defendants oppose the motion to amend on the grounds of futility of amendment. (D.I. 15). The motion to amend will be granted.[2]

## III.  LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or

---

[2] It is clear from the Complaint that Plaintiff named Defendants in their official capacities, but not clear if she also named them in their individual capacities. (*See* D.I. 2 at 6). The motion to amend clarifies Plaintiff's claims against Defendants. In addition, the Complaint seeks only declaratory and injunctive relief, and does not seek compensatory damages.

3

legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**B.    Discussion**

Attached to Defendants' motion to dismiss are documents outside the pleadings. The Federal Rules of Civil Procedure provide that when a motion to dismiss is filed pursuant to Rule 12(b)(6) and matters outside the pleadings are presented to and not excluded by the Court, the matter shall be treated as one for summary judgment and disposed of as provided in Rule 56. Fed. R. Civ. P. 12(d). The Court will not consider Defendants' exhibits and will treat their motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).

It is well established that under the First Amendment, facial challenges to laws that burden "free expression" are permitted when "a licensing statute plac[es] unbridled discretion in the hands of a government official. . . ." *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 757 (1988). Challenges have "have been permitted in the First Amendment context where the licensing scheme vests unbridled discretion in the

4

decisionmaker and where the regulation is challenged as overbroad." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 223 (1990).

Construing the facts in the light most favorable to Plaintiff, as the Court must, Plaintiff alleges that the Delaware regulations are unconstitutional and her First Amendment rights were violated on the basis of viewpoint and in a subjective and arbitrary manner when she was issued a vanity plate only to have it recalled. Here, Plaintiff commenced this action to regain her vanity plate and to have the Delaware regulations declared unconstitutional. Both forms of relief are available against the State of Delaware as a suit against an individual in his official capacity is the equivalent of a suit against the government entity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff adequately alleges a cause of action against Defendants in their official capacities. Therefore, Defendants' motion to dismiss will be denied.

## IV.   CONCLUSION

For the above reasons, the Court will: (1) deny Defendants' motion to dismiss; and (2) grant Plaintiff's motion to amend the complaint.

A separate order shall issue.