IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KARI LYNN OVERINGTON,

      Plaintiff,

v.

LEVI FISHER, et al.,

      Defendants.

Civil Action No. 21-1133-RGA

### ORDER

At Wilmington this ___ day of August, 2022, consistent with the memorandum opinion issued this date,

IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 8) is **DENIED**.

2. Plaintiff's motion to amend the complaint (D.I. 12) is **GRANTED**. The matter proceeds against Defendants in their official capacities.

3. Plaintiff has raised a significant constitutional issue. *See Ogilvie v. Gordon*, 540 F.Supp. 3d 920 (N.D. Cal. 2020) (holding that a regulation prohibiting the DMV from issuing plates "that may carry connotations offensive to good taste and decency" unconstitutional under the First Amendment); *Carroll v. Craddock*, 494 F.Supp. 3d 158 (D.R.I. 2020) (granting preliminary injunction against the DMV in connection with license plate "FKGAS"). While Plaintiff, a non-lawyer, has intelligently presented her case thus far, I think a constitutional issue of the sort raised here ought to

be decided through the adversary process with both sides of the issue being presented through counsel. Since Plaintiff is not proceeding *in forma pauperis*, the usual process for getting legal assistance is not available. Plaintiff's email attachments, which suggest arbitrary decisions by DMV, as well as some cases, at least raise the possibility that there might be need for more of a record than currently exists. Thus, I am going to ask the Clerk's Office to see whether a lawyer can be obtained to appear as an amicus supporting Plaintiff's position.

_____
UNITED STATES DISTRICT JUDGE