IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KARI LYNN OVERINGTON | ) | Civil Action No. 21-1133 RGA |
| Plaintiff, | ) | |
| v. | ) | |
| LEVI FISHER, et al. | ) | |
| Defendants. | ) | |

**PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS**

**PRELIMINARY STATEMENT**

In this official capacity suit, Plaintiff challenges Defendants' authority to revoke the issuance of a vanity license plate where the vanity plate contains Plaintiff's fully protected individual speech. Plaintiff seeks declaratory and injunctive relief under 42 U.S.C. § 1983.

In December of 2020, Plaintiff requested and later received a vanity plate stating "FCANCER" for use on her personal vehicle. Plaintiff obtained this personalized license plate as a means of individual expression to convey a personal and philosophical message regarding her battle and survival of an aggressive form of cancer. On June 23, 2021, Defendant Levi Fisher sent Plaintiff a letter stating that the DMV would be recalling Ms. Overington's vanity plate because it "does not represent the State and the Division in a positive manner" and "any plate considered offensive in nature will be denied or recalled if issued in error." This letter ordered Plaintiff to return her vanity plate to the DMV within 30 days and gave her no information on how to appeal the decision. Plaintiff personally researched her appeal rights and contacted Defendant Jana Simpler and Defendant Nicole Majeski, who confirmed that her vanity plate

would remain recalled due to conveying a "perceived profanity." Defendants all rejected Plaintiff's proffered meaning of her vanity plate: "fight cancer." Rather, Defendants arbitrarily imposed their own meaning onto Plaintiff's vanity plate in order to revoke it.

Plaintiff maintains that Defendants' revocation of her vanity plate constitutes improper viewpoint and content-based restriction on her speech that neither advances a compelling governmental interest nor is narrowly tailored to achieve any valid governmental interest. Further, the DMV's statutory provision and the regulations, duty to avoid issuing obscene plates, and the standards set forth in Defendants' correspondence with Plaintiff are unconstitutionally vague and overbroad. This is evidenced by DMV's absolute discretion to deny any plate and Defendants' enforcement of these provisions in recalling Plaintiff's vanity plate because it was "offensive in nature," did not represent the Division and the State in a "positive manner," and contained a "perceived profanity." Moreover, Defendants' history of approving other vanity plates shows that Defendants are arbitrarily enforcing the statute and regulations against Plaintiff.

Plaintiff therefore seeks declaratory relief to the effect that Del. Code Ann. tit. 21, § 2121 and Code Del. Regs. 2285, as applied to her vanity plate, violate her rights to free speech under the First and Fourteenth Amendments. Plaintiff also seeks declaratory relief finding that Del. Code Ann. tit. 21, § 2121 and Code Del. Regs. 2285 constitute impermissible content- and viewpoint-based restrictions of speech in violation of the First and Fourteenth Amendments and are unconstitutionally vague and overbroad in violation of the First and Fourteenth Amendments. Plaintiff further seeks injunctive relief barring Defendants from enforcing those provisions against her "FCANCER" vanity plate in violation of the First and Fourteenth Amendments.

## PARTIES

1. Plaintiff Kari Lynn Overington is a resident of the State of Delaware and the United States.

2. Defendant Levi Fisher is the General Manager of the Dover location of the Delaware Department of Motor Vehicles.

3. Defendant Jana Simpler is the Director of the Dover location of the Delaware Department of Motor Vehicles.

4. Defendant Nicole Majeski is the Secretary of the Delaware Department of Transportation.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case involves a federal question pertaining to the United States Constitution as well as 18 U.S.C. § 1343.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391 as this is the judicial district where defendants reside and this is the judicial district where the cause of action arose.

## STATEMENT OF FACTS

7. At all relevant times, Defendants, in their official capacities, acted under the color of state law.

8. On a standard Delaware automobile license plate, the plate number consists of a combination of letters and numbers, or solely a series of numbers, generated by the DMV.

9. Delaware allows individuals to select their own letter and number combination for their license plate in exchange for payment of a fee. Del. Code Ann. tit. 21, § 2121(h). These plates are called "special vanity license plates," (hereinafter "Vanity Plate(s)") and can consist of no more than seven letters and numbers. *Id*.

10. Individuals applying for vanity plates must pay a statutory fee of $40 annually, in addition to the regular vehicle registration fee. *Id*.

11. The statute provides that, "In its discretion, the Department may refuse any combination of letters, or letters and numerals." *Id*.

12. The applicable Delaware regulations provide that "The Division is granted the authority by law to refuse any combination of letters or letters and numerals." Code Del. Regs. Ch. 2285.

13. The Regulations further provide that "Motor vehicle specialists must be extremely careful when issuing vanity license plates to ensure obscene plates are not issued. Plates that make unflattering statements about any particular group or raise politically sensitive issues should be referred to the Dover Administrative Office for approval or denial." Code Del. Regs. 2285-1.1. Additionally, "Motor vehicle specialists may disapprove obscene license plates without referral to the Dover Administrative Office." Code Del. Regs. 2285-1.3.

14. The Regulations also direct that "No vanity plate shall be issued that is considered to be obscene by the Division of Motor Vehicles." Code Del. Regs. 2285-1.7.

15. The DMV has a page on its website regarding "Vanity Plates" which provides that "Any request that contains obscenity, vulgarity, profanity, hate speech, or fighting words will be denied."[1]

16. Upon information and belief, vehicle owners who participate in the vanity plate program typically select a configuration of letters and numbers that convey a meaningful expression of their personal identity, values, or sense of humor.

17. Plaintiff is a survivor of an aggressive form of cancer and now works to raise awareness and support for cancer patients, survivors, and their families.

18. Plaintiff reserved the vanity plate "FCANCER" through the DMV online reservation process on December 2, 2020.

19. Plaintiff appeared in-person at the Dover location of the Delaware DMV on January 6, 2021, to complete the approval process and pay the required fees. As part of the approval process, Plaintiff explained the meaning of her vanity plate as "fight cancer."

20. Plaintiff's vanity plate was delivered to her home on February 3, 2021.

21. More than four months later, on June 23, 2021, Defendant Levi Fisher sent a letter to Plaintiff stating that the DMV would be recalling Ms. Overington's vanity plate because it "does not represent the State and the Division in a positive manner" and "any plate considered offensive in nature will be denied or recalled if issued in error." Ex. 1. This letter does not

---

[1] https://www.dmv.de.gov/public.ejs?command=PublicVanityPlate

contain any information regarding Ms. Overington's right to appeal the recall of her vanity plate pursuant to Code Del. Regs. 2285-1.3.

22. On June 29, 2021, Ms. Overington called the Dover Registration Supervisor to discuss her options to appeal the denial of her vanity plate pursuant to Code Del. Regs. 2285-1.3.

23. On June 30, 2021, Ms. Overington emailed Defendant Nicole Majeski explaining why her FCANCER vanity plate is not obscene and asking Defendant Majeski to reconsider the recall of her vanity plate. Ex. 2 at 6-7.

24. In a July 12, 2021, Defendant Nicole Majeski replied to Plaintiff's email and confirmed that the vanity plate would be recalled because it contained a "perceived profanity." Ex. 2 at 5.

25. On July 19, 2021, Ms. Overington followed up with Defendant Majeski again to confirm that there were no other appeal processes available. Ex 2 at 2.

26. On July 22, 2021, Defendant Jana Simpler informed Plaintiff via email that her vanity plate would indeed be recalled because the word "F*@K" is profanity and therefore is not appropriate for depiction on a license plate issued by the state of Delaware. Ex. 2 at 1.

27. At no point during Plaintiff's communications with Defendants did they accept Plaintiff's proffered meaning of her vanity plate.

28. Upon information and belief, the license plate combination "FCANCER" contains no obscenity, vulgarity, profanity, hate speech, or fighting words.[2]

---

[2] Although Ms. Overington asserts that the "F" in "FCANCER" stands for "fight," "fight" coupled with "cancer" is not legally cognizable as "fighting words." (CONT'D on pg. 7).

29. Upon information and belief, the DMV maintains a list words that violate its prohibition against vanity plates that contain obscenity, vulgarity, profanity, hate speech, or fighting words, and denies any requests that include those combinations or words.

30. Upon information and belief, this list also bans some common words such as "SUCKS" and the DMV has denied requests for vanity plates which convey these words.

31. Likewise, Defendants ban SEX and PENIS as violating the prohibition against vanity plates that are obscene, vulgar, or profane, and those that contain hate speech or fighting words, and has denied requests for vanity plates which convey these words.

32. Upon information and belief, the DMV also maintains a list of vanity plate letter and/or number combinations that violate its prohibition against vanity plates that contain obscenity, vulgarity, profanity, hate speech, or fighting words, and denies any requests that include those combinations.

33. Upon information and belief, the DMV has denied requests for vanity plates which arguably convey obscenity, vulgarity, profanity, hate speech, fighting words, or political or

---

(CONT'D from pg. 6). Furthermore, the Federal Communications Commission ("FCC") defines "obscene content" as follows: "For content to be ruled obscene, it must meet a three-pronged test established by the Supreme Court: It must appeal to an average person's prurient interest; depict or describe sexual conduct in a 'patently offensive' way; and, taken as a whole, lack serious literary, artistic, political or scientific value." *Obscene, Indecent, and Profane Broadcasts*, Federal Communications Commission (Last Updated January 13, 2021) https://www.fcc.gov/consumers/guides/obscene-indecent-and-profane-broadcasts. Additionally, FCC rules define "profane content" as "'grossly offensive' language that is considered a public nuisance." *Id*.

Ms. Overington's "FCANCER" license plate has been the subject of multiple news broadcasts, underscoring that "FCANCER" is not obscene under FCC rules. *See, e.g.*, Randall Chase, *Woman's Suit Against Delaware DMV Over 'FCANCER' License Plate Can Continue*, NBC Philadelphia (August 11, 2022 at 11:56 P.M) https://www.nbcphiladelphia.com/news/local/delaware-dmv-lawsuit-fcancer-vanity-license-plate-can-proceed/3322131/; *ACLU Delaware To Represent Milton Woman In Censored Vanity License Plate Case*, WRDE Coast TV (Aug. 8, 2022) https://www.wrde.com/news/aclu-delaware-to-represent-milton-woman-in-censored-vanity-license-plate-case/video_789ab618-12ce-558a-998c-62a1417d2a53.html.

social connotations, through a combination of letters and/or numbers, including: BIATCH (B**ch), I H8 (I Hate), FC&CER (F@*K Cancer), GETHIGH, HELL, OHHELNO (Oh Hell No), FUC&CER (F@*k You Cancer) and BCH PLS (B**ch Please).

34. Conversely, upon information and belief, the DMV has approved the following vanity plates that contain combinations of letters and/or numbers: GETLOST, RUNHIGH, GO HOME, MOM AF (Mom As F@*k), FUJIMO (F@*K You Jim I'm Moving Out), VIP AF (VIP as F@*k), GVNOFKS (Give No F@*ks), SHTLIFE (Sh*t Life), BCH PLZ (B**ch Please), LVTHBCH (Love The B**ch), DTFAUTO (Down to F@*k Auto), FIATCH (B**ch), HATEPPL (Hate People).

35. Similarly, upon information and belief, SEXY, RDRCKT (Red Rocket), and HEAVEN, have not been banned.

36. Upon information and belief, the DMV has approved other vanity license plates that are subjectively understood to include words and/or letter and/or number combinations that are obscene, vulgar, profane, or include hate speech or fighting words.

37. Upon information and belief, the DMV does not universally reject any vanity license plate that includes the letter "F" or the word "Cancer."

38. Defendants' attempt to ban Plaintiff's FCANCER vanity plate stands in direct contrast to the allowance of vanity plates such as FUJIMO (F@*K You Jim I'm Moving Out), VIP AF (VIP As F@*K), MOM AF (Mom As F@*K), and DTFAUTO (Down to F@*k Auto).

39. Defendants' application of Del. Tit. 21 § 2121 to revoke Plaintiff's vanity plate constitutes an improper viewpoint and/or content-based restriction on Plaintiff's protected speech for which there is no adequate remedy at law.

40. The statutory, regulatory, and DMV standards for the denial of a vanity plate are unconstitutionally vague, overbroad, and unenforceable for the denial or revocation of license plates. These standards are:

 a. STATUTORY: "In its discretion, the Department may refuse any combination of letters, or letters and numerals" Del. Code Ann. tit. 21, § 2121(h).

 b. REGULATORY: "The Division is granted the authority by law to refuse any combination of letters or letters and numerals"; "Motor vehicle specialists may disapprove obscene license plates without referral to the Dover Administrative Office"; and "No vanity plate shall be issued that is considered to be obscene by the Division of Motor Vehicles" Code Del. Regs. 2285.

 c. DMV standard: "Any request that contains obscenity, vulgarity, profanity, hate speech, or fighting words will be denied."[3]

41. Defendants' decision to require Plaintiff to return her vanity plate is arbitrary and capricious given their application of an unconstitutionally vague and overbroad standard as demonstrated by other plates they have approved or denied, described above in paragraphs 1-38.

---

[3] https://dmv.de.gov/public.ejs?command=PublicVanityPlate

9

## CLAIMS FOR RELIEF

### Count I- First Amendment (As-Applied)

42. Plaintiff incorporates by reference the allegations of Paragraphs 1-41 of this Complaint.

43. The Defendants' acts, practices, and policies constitute an impermissible infringement of Plaintiff's right to free speech as applied to Plaintiff's speech in the form of a vanity plate stating "FCANCER."

44. As applied to Plaintiff's vanity plate stating "FCANCER," the recall of Ms. Overington's vanity plate impermissibly discriminates against Plaintiff's speech on the basis of content and/or viewpoint, and has chilled and continues to chill Plaintiff's protected speech, thereby depriving her of rights secured by the First and Fourteenth Amendments to the United States Constitution.

### Count II: First and Fourteenth Amendments (Facial)

45. Plaintiff incorporates by reference the allegations of Paragraphs 1-41 of this Complaint.

46. On its face, Del. Code Ann. tit. 21, § 2121 and Code Del. Regs. 2285 are overbroad restrictions of speech in violation of the First and Fourteenth Amendments because the purported standards—that "[i]n its discretion, the Department may refuse any combinations of letters, or letters and numerals," that "[t]he Division is granted the authority by law to refuse any combination of letters or letters and numerals," and that "[n]o vanity plate shall be issued that is considered to be obscene by the Division of Motor Vehicles"—create an impermissible risk of the suppression of ideas and of content and viewpoint discrimination.

47. On their face, Del. Code Ann. tit. 21, § 2121 and Code Del. Regs. 2285 are unconstitutionally broad in violation of the Fourteenth Amendment's Due Process Clause because a person of ordinary intelligence would not know that Plaintiff's intended speech is

prohibited by the statute and regulations, and because the statute and regulation lack clear standards and objective criteria, thus allowing Defendants to bar speech based on ambiguous, subjective, arbitrary, or discriminatory reasons.

48. On their face, Del. Code Ann. tit. 21, § 2121 and Code Del. Regs. 2285 are unlawful restrictions on speech of those individuals applying for vanity plates because they apply impermissible content- and viewpoint-based restrictions on vanity plate applications but are neither narrowly tailored nor serve a compelling governmental interest.

### Count III: First and Fourteenth Amendments (Arbitrary Enforcement)

49. Plaintiff incorporates by reference the allegations of Paragraphs 1-41 of this Complaint.

50. Neither Del. Code Ann. tit. 21, § 2121, Code Del. Regs. 2285, nor Defendant Fisher's letter to Plaintiff define the terms "obscene" or "offensive in nature." They also do not define what "does not represent the state and Division in a positive manner" means as Defendants applied these terms to the denial or recall of vanity plates.

51. As a result of the unconstitutionally vague and overly broad nature of Del. Code Ann. tit. 21, § 2121 and Code Del. Regs. 2285, and Defendants' history of approving and disapproving other vanity plates, Defendants have arbitrarily enforced these provisions against Plaintiff.

52. This arbitrary enforcement violates the Fourteenth Amendment of the United States Constitution.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court:

(1) Issue a permanent injunction barring Defendants from enforcing Del. Code Ann. tit. 21, § 2121 and Code Del. Regs. 2285 to revoke and/or deny Plaintiff's vanity plate stating "FCANCER";

(2) Issue a permanent injunction barring Defendants from enforcing Del. Code Ann. tit. 21, § 2121 and Code Del. Regs. 2285 to revoke and/or deny new vanity plates on the grounds that they are "offensive in nature" or do not "represent the State and the Division in a positive manner";

(3) Declare Del. Code Ann. tit. 21, § 2121 unconstitutional as applied to Plaintiff's speech in the form of a vanity plate stating "FCANCER";

(4) Declare Code Del. Regs. 2285 unconstitutional as applied to Plaintiff's speech in the form of a vanity plate stating "FCANCER.";

(5) Declare Del. Code Ann. tit. 21, § 2121 facially unconstitutional;

(6) Declare Code Del. Regs. 2285 facially unconstitutional;

(7) Declare Code Del. Code Ann. tit. 21, § 2121 facially invalid to approve new personalized vanity plate applications;

(8) Declare Code Del. Regs. 2285 facially invalid to approve new personalized vanity plate applications;

(9) Award Plaintiff damages in the amount of $1;

(10) Award Plaintiff her costs, including reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

(11) Grant any additional relief to which Plaintiff may be entitled.

/s/ Dwayne J. Bensing
Dwayne J. Bensing (DE 6754)
ACLU of Delaware
100 W 10th Street #706
Wilmington, DE 19801
(302) 295-2113
dbensing@aclu-de.org

Theresa E. Loscalzo (PA 52031)
*Pro Hac Vice*
Arleigh P. Helfer III (PA 84427)
*Pro Hac Vice*
Alison R. Gutierrez (PA 330738)
*Pro Hac Vice*
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
tloscalzo@schnader.com
ahelfer@schnader.com
agutierrez@schnader.com
(215) 751-2000
Fax: (215) 751-2205

*Attorneys for Plaintiff*

Dated: September 29, 2022