IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KARI LYNN OVERINGTON | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 21-1133 RGA |
| v. | ) ) | |
| LEVI FISHER, et al. | ) ) | |
| Defendants. | ) ) | |

**JOINT STIPULATED MOTION FOR AMENDMENT OF SCHEDULING ORDER AND EXTENSION OF CASE DEADLINES**

The parties in this litigation hereby agree that extension of case deadlines are warranted in this case to resolve discovery disputes and to complete depositions. The parties submit this joint motion to request entry of an order extending the remaining case deadlines by approximately 90 days. In support of this joint motion, the parties state as follows:

1. The existing scheduling order in this case established May 8, 2023, as the deadline for completion of fact discovery. A copy of the scheduling order (D.I. 29) is attached as Exhibit A.

2. The parties have exchanged written discovery requests, and the parties have served answers and objections.

3. Having received defendants' productions of documents on March 23, 2023, and April 14, 2023, Plaintiff Kari Lynn Overington has served a subpoena seeking a designee deposition of the Delaware Department of Motor Vehicles to testify about the availability of written records and related topics.

4.	The parties have disputes concerning the scope of their discovery objections. The parties held a meeting to discuss and narrow their disputes. However, they we unable to resolve all their differences. Accordingly, the parties anticipate that they soon will be filing motions to compel on matters relating to their written discovery objections.

5.	To allow for discovery motion practice and to allow for depositions once the parties' discovery objections have been resolved, the parties agree that a roughly 90-day extension of existing case deadlines is necessary to allow them to complete fact discovery.

6.	The parties' proposed deadlines are as follows:

> **End of fact discovery**: Monday, August 7, 2023
> **Expert disclosures and reports**: Thursday, September 7, 2023
> **Expert rebuttal reports**: Monday, October 9, 2023
> **End of expert discovery**: Thursday, December 14, 2023
> **Dispositive Motions**: Friday, January 26, 2024
> **Pretrial conference**: Monday, May 27, 2024
> **Trial**: Monday June 17, 2024

WHEREFORE, the parties respectfully jointly request entry of an order amending the scheduling order and adjusting the remaining case deadlines by approximately 90 days.

|  |  |
|---|---|
|    s/Dwayne Bensing                 |    s/George T. Lees III                |
| Dwayne Bensing (#6754) | George T. Lees III (#3647) |
| ACLU Delaware | Deputy Attorney General |
| 100 W. 10 Street, Suite 706 | Department of Justice |
| Wilmington, DE 19801 | New Castle County |
|  | 820 North French Street |
| Theresa E. Loscalzo (*admitted pro hac vice*) | Wilmington, DE  19801 |
| Arleigh P. Helfer III (*admitted pro hac vice*) |  |
| Alison R. Gutierrez (*admitted pro hac vice*) | *Attorney for Defendants* |
| Schnader Harrison Segal & Lewis LLP |  |
| 1600 Market Street, Suite 3600 |  |
| Philadelphia, PA 19103 |  |

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 16.4

I, Dwayne Bensing, hereby certify that I caused a copy of the foregoing joint stipulated motion for extension of case deadlines to be sent to Plaintiff, Kari Lynn Overington.

                                                       s/Dwayne Bensing

I, George T. Lees III, hereby certify that I caused a copy of the foregoing joint stipulated motion for extension of case deadlines to be sent to Defendants.

                                                      s/George T. Lees III

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARI LYNN OVERINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1133-RGA |
| | ) |
| LEVI FISHER, et al. | ) |
| | ) |
| Defendants. | ) |

**SCHEDULING ORDER**

This <u>3rd</u> day of <u>N</u>ovember, 2022, the Court having waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before <u>Dec. 9</u>, <u>2022</u>.

3. <u>Discovery</u>.

    a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before <u>May 8, 2023</u>.

    b. <u>Document Production</u>. Document production shall be substantially complete by <u>March 24</u>, <u>2023</u>.

    c. <u>Requests for Admission</u>. A maximum of _25 requests for admission are permitted for each side.

    d. <u>Interrogatories</u>. A maximum of _25 interrogatories, including contention interrogatories, are permitted for each side.

    e. <u>Depositions</u>.

      i. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 37.5 hours of taking testimony by deposition upon oral examination (5 depositions each, 7.5 hrs. each).

      ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    f. <u>Disclosure of Expert Testimony</u>.

      i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before __June 8___, 2023_. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before August 8_, 2023_. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Any expert depositions shall be taken no later than __September 15_, 2023_.

      ii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    g.  <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a hearing. Unless otherwise ordered, by no later than forty-eight hours prior to the hearing, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the hearing, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

    If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

   4.  <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

  Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or

>party subject to this order who becomes subject to a motion to
>disclose another party's information designated as confidential
>pursuant to this order shall promptly notify that party of the motion
>so that the party may have an opportunity to appear and be heard
>on whether that information should be disclosed.

5. <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. <u>Courtesy Copies</u>. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. <u>Case Dispositive Motions</u>.  All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before _October 2_, 2023_ [a date approximately four months prior to the pretrial conference]. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

8. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9. <u>Pretrial Conference</u>. On _February 2, 2024, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 2:00 p.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by

4

the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

10. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

11. <u>Trial</u>. This matter is scheduled for a 3 day bench trial beginning at 9:30 a.m. on February 20, 2024, with the subsequent trial days beginning at 9:30 a.m. ~~Until the case is submitted to the jury for deliberations, the jury will be excused each~~ day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their

5

respective cases.

                                                            /s/ Richard G. Andrews
                                         UNITED STATES DISTRICT JUDGE