IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KARI LYNN OVERINGTON, <br><br> Plaintiff, <br><br> v. <br><br> LEVI FISHER, et al., <br><br> Defendants. | Civil Action No. 21-1133-GBW |

## INJUNCTION

A final declaratory judgment and permanent injunction is hereby entered in favor of Plaintiff Kari Lynn Overington (hereinafter "Plaintiff") against Defendants Levi Fisher, Nicole Majeski, and Jana Simpler in their official capacities (hereinafter "Defendants"), on the following terms:

1. On May 14, 2024, this Court granted Plaintiff's motion for summary judgment, holding that the provisions governing Delaware's vanity license plate program in 21 *Del. C.* § 2121 and 2 *Del. Admin. C.* § 2285 are unconstitutional. As a result of that Memorandum and Order, the Court orders the forgoing relief.

2. The Court hereby declares that the language contained in:

   a. 21 *Del. C.* § 2121 (h)(l) and (i)(l) which provide that "[i]n its discretion, the Department may refuse any combinations of letters, or letters and numerals";

   b. 2 *Del. Admin. C.* §2285 which provides that "[t]he Division is granted the authority by law to refuse any combination of letters or letters and numerals,";

    c. 2 *Del. Admin. C.* § ( 1.7) which provides that "[n]o vanity plate shall be issued that is considered to be obscene by the Division of Motor Vehicles,"; and

    d. 2 *Del. Admin. C.* §2285 (1.1) which provides that "[p]lates that make unflattering statements about any particular group or raise politically sensitive issues should be referred" for more stringent review,

are unconstitutional on their face and shall be deemed severed from the statute and regulation.

3. Defendants, their successors, agents, servants, employees and all others acting in concert with them, are permanently enjoined from relying upon the language contained in 21 *Del. C.* § 2121(h) and (i) and 2 *Del. Admin. C.* § 2285 which provides that "[i]n its discretion, the Department may refuse any combinations of letters, or letters and numerals," that "[t]he Division is granted the authority by law to refuse any combination of letters or letters and numerals," that "[n]o vanity plate shall be issued that is considered to be obscene by the Division of Motor Vehicles," and that "[p]lates that make unflattering statements about any particular group or raise politically sensitive issues should be referred for more stringent review" to issue or recall any individual vanity license plate under the aforesaid statute and regulations.

4. Defendants, their successors, agents, servants, employees, and all others acting in concert with them are enjoined from issuing or recalling any individual vanity plate under 21 *Del. C.* § 2121 and 2 *Del. Admin. C.* § 2285 until such time as the Court grants Defendants' motion to show cause that this injunction should be lifted on the effective date of the enacted amendments to 21 *Del. C.* § 2121 and 2 *Del. Admin. C.* §2285 because 21 *Del. C.* § 2121 and 2 *Del. Admin. C.* §2285 have been amended

such that the enacted amendments to the statute, policies and procedures for issuing, denying, and recalling vanity plates are viewpoint neutral and reasonable.[1] Defendants will communicate with the ACLU in advance of filing any motion to show cause at which time the parties will confer over the legislative and regulatory changes which form the basis of the motion to show cause.

5. Defendants, their successors, agents, servants, employees and all others acting in concert with them are required to take the necessary steps such that Plaintiff has her vanity license plate, "FCANCER," reinstated within ten (10) days of this Order at no additional cost to Plaintiff, beyond initial registration fee paid and for such time remaining on paid registration (not including time that the registration was rescinded). If the Court grants a future motion from Defendants to show cause to lift the injunction, Plaintiff's vanity license plate shall be subject to any amended law or regulation.

6. This judgment does not affect the validity or enforceability of any other provisions of 21 *Del. C.* § 2121 and 2 *Del. Admin. C.* § 2285.

7. This is a final appealable order.

IT IS SO ORDERED.

Date: June 12, 2024

---

[1] In so doing, the Court cautions Defendants from overreading the Court's brief statement that the "policy of refusing plates with 'obscenity, vulgarity, profanity, hate speech or fighting words' may even pass constitutional muster if authorized by statute and regulation." Opinion at 17. The Court may not give advisory opinions, *Flast v. Cohen*, 392 U.S. 83, 96 (1968), and the Court did not reach the constitutionality of this policy. The Court notes that the language of the DMV's policy arises from a portion of *Ogilvie v. Gordon*, 540 F. Supp. 3d 920 (N.D. Cal. 2020) discussing the California Attorney General's arguments as to what the exceptions are and thus may not accurately reflect the scope of permissible regulation.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

4