# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| KARI LYNN OVERINGTON | |
|---|---|
| Plaintiff, | Civil Action No. 21-1133-GBW |
| v. | |
| LEVI FISHER, et al. | |
| Defendants. | |

## BRIEF IN SUPPORT OF MOTION FOR AWARD FOR FEES AND COSTS

Dwayne J. Bensing, Legal Director (#6754)
ACLU Delaware
100 W. 10 Street, Suite 706
Wilmington, DE 19801
Telephone: (302) 295-2113
Email: dbensing@aclu-de.org

Theresa E. Loscalzo (Pro Hac Vice)
Dilworth Paxson, LLP
1500 Market Street, Suite 3500E
Philadelphia, PA 19102
Telephone: (215) 575-7049
Email: tloscalzo@dilworthlaw.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

I.   FACTS ........................................................................................................................... 4
II.  LAW AND ARGUMENT ............................................................................................ 6
   A. Plaintiff is entitled to receive Attorneys' Fees and Expenses pursuant to 42 U.S.C. § 1988(a). ................................................................................................................ 6
   B. Calculation of Attorney's Fees ...................................................................................... 7
      1. Reasonable Hourly Rate ........................................................................................ 8
      2. Reasonable Hours ................................................................................................ 11
   C. Calculation ................................................................................................................... 9
III. CONCLUSION ............................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ACLF of Delaware v. Dep't of Correction of Delaware*,
    No. CV 09-179-SLR-SRF, 2014 WL 4755520 (D. Del. Sept. 17, 2014), report
    and recommendation adopted sub nom......................................................................6

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
    421 U.S. 240 (1975)..................................................................................................3

*Bishop v. Deputy*,
    No. CIV.A. 01-753-SLR, 2003 WL 22284037 (D. Del. Sept. 29, 2003), aff'd,
    95 F. App'x 462 (3d Cir. 2004)................................................................................6

*Blum v. Stenson*,
    466 U.S. 886 (1984)..................................................................................................4

*Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,
    532 U.S. 598 (2001)..................................................................................................3

*Farras v. Hobby*,
    506 U.S. 103 (1992)..................................................................................................4

*Hall v. Cole*,
    412 U.S. 1 (1973)......................................................................................................3

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)..................................................................................................6

*Hewitt v. Helms*,
    482 U.S. 755 (1987)..................................................................................................3

*Johnson v. Georgia Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) ....................................................................................6

*Laymon v. Lobby House, Inc.*,
    No. CIV.A. 07-129-MPT, 2009 WL 1259059 (D. Del. May 6, 2009) .....................6

*Lefimine v. Wideman*,
    568 U.S. 1 (2012)......................................................................................................4

*Raab v. City of Ocean City*,
    833 F.3d 286 (3d Cir. 2016)......................................................................................3

*Student Pub. Interest Research Grp. v. AT&T Bell Lab.*,
    842 F.2d 1436 (3d Cir. 1988)................................................................................4, 5

*Truesdell v. Phila. Housing Auth.*,
    290 F.3d 159 (3d Cir. 2002) ...........................................................................................3

*Pub. Interest Research Grp. of New Jersey, Inc. v. Windall*,
    51 F.3d 1179 (3d Cir. 1995) ..........................................................................................5

**Statutes**

42 U.S.C. § 1983 ...................................................................................................................3

42 U.S.C. § 1988 ...........................................................................................................3, 4, 6

**Other Authorities**

Attorney Fees, Community Legal Services of Philadelphia,
    https://clsphila.org/about-community-legal-services/attorney-fees/ (last visited
    June 28, 2024) .................................................................................................................7

Plaintiff Kari Lynn Overington ("Plaintiff"), through undersigned counsel, petitions this Honorable Court for an award of attorneys' fees and costs to which she is entitled pursuant to 42 U.S.C. § 1988(a).

## I. FACTS

This case has been pending since the summer of 2021. On August 4, 2021, Plaintiff filed a complaint *pro se* against defendants Levi Fisher, Jana Simpler, and Nicole Majeski ("Defendants"), in their capacities as officials for the Delaware Department of Transportation ("DELDOT"). (D.I. 2). On November 22, 2021, Defendants filed a Motion to Dismiss, to which Plaintiff responded, and filed a Motion to Amend. (D.I. 12 and 13). On August 1, 2022, this Court denied Defendants' Motion to Dismiss and granted Plaintiff's Motion to Amend the Complaint. In its Order, the Court directed the Clerk's Office to determine whether a lawyer could be obtained to appear as amicus supporting Plaintiff's position. (D.I. 16 and 17).

On August 5, 2022, Dwayne Bensing, Legal Director of the ACLU of Delaware ("ACLU"), entered his appearance on behalf of Plaintiff. (D.I. 18). On August 19, 2022, Theresa E. Loscalzo, Alison Gutierrez and Arleigh Helfer, then at Schnader Harrison Segal & Lewis, LLP ("Schnader"), entered their appearances as co-counsel for Plaintiff, and *pro hac vice* motions were filed. (D.I. 22). Subsequently, Steven Shapiro, also then at Schnader, entered his appearance for Plaintiff to replace Mr. Helfer who was unable to continue working on this matter. (D.I. 47). On September 29, 2022, Plaintiff filed an amended complaint (the "Amended Complaint") against Levi Fisher, Jana Simpler, and Nicole Majeski ("Defendants"), in their capacities as officials for DELDOT. (D.I. 25). The Amended Complaint sought declaratory and injunctive relief under 42 U.S.C. § 1983 for alleged violations of the First and Fourteenth Amendments to the United States Constitution, and sought costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988. (D.I. 25).

Discovery was extensive and contentious. Initial Disclosures were served by both parties on November 14, 2022 (D.I. 31 and 33) and both sides served Interrogatories and Document Requests on that same date. (D.I. 35). Defendants' responses to discovery responses came in waves over the next several months after multiple deficiency letters were served. (D.I. 37, 38, and 39). Defendants declined to produce several categories of documents, including information about vanity tags that had been previously issued, and vanity tags that were on the State's "Do Not Issue" list. Following multiple meet and confers, the parties were not able to resolve their discovery disputes and notified Judge Andrews. (D.I. 41 and 42).

Although Defendants were in possession of nearly all the relevant documents and information related to Plaintiff, having downloaded a plethora of information from her social media site, Defendants nonetheless sought extensive discovery from Plaintiff, including documents and interrogatory responses related to her social media posts, which also necessitated motion practice following multiple meet and confers. (D.I. 43).

The Court scheduled a hearing on May 24, 2023 to address the discovery disputes raised by both sides. At the May 24, 2023 hearing, Plaintiff's counsel successfully opposed Defendants' motion to compel, and Judge Andrews ordered Defendants to provide Plaintiff with the requested discovery. Defendants made a supplemental production of documents on June 8, 2023, a few weeks before depositions were to start.

Plaintiff's deposition was taken on June 28, 2023. Plaintiff's counsel conducted seven depositions of DELDOT personnel, including the named Defendants, relying upon thousands of pages of documents that had been produced by Defendants, many heavily redacted and some without Bates labeling.

Following discovery, Plaintiff and Defendants filed cross motions for summary judgment on January 26, 2024. (D.I. 60 and 61). Briefing was completed on March 11, 2024. The Court heard extensive oral argument for nearly two hours on March 25, 2024. On May 14, 2024, this Court entered an order granting Plaintiff's motion for summary judgment on all grounds except as to monetary damages and denying Defendants' motion for summary judgment on all grounds except as to monetary damages. (D.I. 77 and 78). The Court further ordered the parties to meet and confer and to submit a proposed injunction order consistent with the Court's opinion. The proposed order for injunctive relief was filed on June 11, 2024, and the Court entered its order granting a Declaratory Judgment and Permanent Injunction in Plaintiff's favor on June 12, 2024.

As prevailing party, Plaintiff now seeks costs, including reasonable attorney's fees.

## II. LAW AND ARGUMENT

### A. Plaintiff is entitled to receive Attorneys' Fees and Expenses pursuant to 42 U.S.C. § 1988(a).

It is well established that attorneys' fees, costs, and expenses may be awarded in federal litigation when authorized by statute or contract. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975); *Hall v. Cole*, 412 U.S. 1, 4-5 (1973); *see also Truesdell v. Phila. Housing Auth.*, 290 F.3d 159, 163 (3d Cir. 2002) ("it is well settled that a prevailing plaintiff should recover an award of attorney's fees [under U.S.C. § 1988(b)] absent special circumstances."). Further, 42 U.S.C. § 1988 provides that a court may award the "prevailing party" in a Section 1983 action "reasonable" costs and attorney fees. To determine whether a party is the "prevailing party" the court must ask whether: (1) there is a material alteration of the legal relationship of the parties; and (2) whether that material alteration is judicially sanctioned. *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001).

The first factor requires that the plaintiff "receive at least some relief on the merits of his claim before he can be said to prevail." *Raab v. City of Ocean City*, 833 F.3d 286, 293 (3d Cir. 2016) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). However, "this inquiry does not turn on the magnitude of the relief obtained." *Id.* (quoting *Farras v. Hobby*, 506 U.S. 103, 114 (1992)). An award of injunctive or declaratory relief, without any monetary damages, satisfies this test. *Lefimine v. Wideman*, 568 U.S. 1, 4 (2012) (holding that plaintiff in a Section 1983 action was the prevailing party entitled to an award of attorneys' fees where the court granted injunctive relief but denied plaintiff's damages claim).

Here, it is clear that Plaintiff has prevailed on the merits of her case. She began this case seeking declaratory and injunctive relief and a finding that the Delaware statutes in question were unconstitutional, both facially and as-applied. That is precisely the finding that this Court made in its decision on the motions for summary judgment. The fact that summary judgment was granted in favor of defendants on one very narrow basis – monetary relief, a claim which Plaintiff abandoned on summary judgment -- is not relevant. The important fact is that the parties are now in a materially different status, with this Court having entered an order confirming the declaratory and injunctive relief to which the Parties have stipulated. The stipulated injunctive relief has entirely upended Delaware's vanity license plate regime and is forcing Delaware to go back to the drawing board and adopt a statute and regulations which are consistent with the First Amendment. The order has also resulted in Plaintiff getting her vanity plate back. This broad relief is exactly the outcome Plaintiff set out to achieve. For this reason, Plaintiff here is a prevailing party and entitled to an award of her reasonable attorney's fees and cost.

**B.** **Calculation of Attorney's Fees**

Under 42 U.S.C. § 1988, once a plaintiff is deemed a prevailing party, the plaintiff is entitled to a reasonable fee. The "initial estimate of a reasonable attorney's fee is properly

calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Student Pub. Interest Research Grp. v. AT&T Bell Lab.*, 842 F.2d 1436, 1441 (3d Cir. 1988) ("SPIRG") (quoting *Blum v. Stenson*, 466 U.S. 886, 888 (1984)). The product of this equation is known as the "lodestar." *Id.* The court must calculate the lodestar before considering adjustments through discretionary factors such as the "results obtained." *Pub. Interest Research Grp. of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1185, 1190 (3d Cir. 1995).

In this case, Plaintiff seeks an award for work performed by attorneys Theresa Loscalzo, Stephen Shapiro, Arleigh Hefler, and Alison Gutierrez while working for Schnader, and Theresa Loscalzo and Alison Gutierrez after they transitioned to their new firms following Schnader's dissolution, respectively Dilworth Paxson LLP ("Dilworth") and Whiteford, Taylor, & Preston ("Whiteford").[1] Plaintiff also seeks an award of fees for work by attorneys Dwayne Bensing and Andrew Bernstein while working for the ACLU. Finally, Plaintiff seeks an award for the time spent by the following paralegals: Lauren Wehr (Schnader), Valori Henwood (Dilworth), and Donna White (ACLU).

1. **<u>Reasonable Hourly Rate</u>**

The "starting point in determining a reasonable hourly rate is the attorneys' usual billing rate . . . ." *Windall*, 51 F.3d at 1185. For public interest attorneys who do not have paying clients, however, the Third Circuit has adopted the "community market rate rule" for assessing the reasonable hourly fee. *See* SPIRG, 842 F.2d at 1450.

---

[1] Schnader Harrison Segal & Lewis went into dissolution on August 31, 2023. Ms. Gutierrez and Ms. Loscalzo went to two different firms. They were the two primary private practice lawyers working on this case. As described below and in Ms. Loscalzo's Declaration, attached as Exhibit B hereto, Ms. Loscalzo continued to supervise Ms. Gutierrez's work conducted at Whiteford.

The community-market-rate rule is important to "further the congressional policy of attracting competent counsel to public interest litigation," which promotes the interest in "enhanc[ing] enforcement of important civil rights, consumer protection and environmental policies" and in "better deter[ring] illegal behavior." *Id.* at 1449, 1450. The community-market-rate rule requires courts "to assess the experience and skill of the attorneys and compare their rates to those of comparable lawyers in the private business sphere." *Id.* at 1447.

By passing the fee-shifting provisions in 42 U.S.C. § 1988, Congress intended that civil rights lawyers should be compensated at the same market rate as lawyers handling other types of complex federal litigation: "It is intended that the amount of fees awarded . . . be governed by the same standards which prevail in other types of equally complex Federal litigation, such as anti-trust cases[,] and not be reduced because the rights involved may be nonpecuniary in nature." *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.4 (1983) (citations omitted) (observing the "appropriate standards" are set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). As the Fifth Circuit recognized in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (abrogated on other grounds), "[a]n attorney specializing in civil rights cases may enjoy a higher rate for his expertise than others, providing his ability corresponds with his experience." 488 F.2d at 719.

Courts in this District will look to prevailing market rates when analyzing the reasonableness of the rate sought. *Bishop v. Deputy*, No. CIV.A. 01-753-SLR, 2003 WL 22284037, at *2 (D. Del. Sept. 29, 2003), aff'd, 95 F. App'x 462 (3d Cir. 2004). Courts in this District have routinely considered affidavits by local practitioners in determining the appropriate rates to be awarded for attorney and paralegal time. See, e.g.: *ACLF of Delaware v. Dep't of Correction of Delaware*, No. CV 09-179-SLR-SRF, 2014 WL 4755520, at *5 (D. Del. Sept. 17, 2014), report

and recommendation adopted sub nom. *ACLF of Delaware v. Dep't of Correction*, Delaware, No. CV 09-179-SLR-SRF, 2014 WL 6657242 (D. Del. Nov. 24, 2014) (holding plaintiffs met burden of supporting attorneys' fees rates by "providing declarations from both attorneys representing [Plaintiff] in this matter, as well as a declaration from another attorney regarding the range of prevailing billing rates charged in Delaware by attorneys of similar skill and experience."); *see also Laymon v. Lobby House, Inc.*, No. CIV.A. 07-129-MPT, 2009 WL 1259059, at *3 (D. Del. May 6, 2009).

Attached as Exhibit "A" is the sworn declaration of Kristen Swift, a partner at the law firm of Kaufman Dolowich, LLP. Ms. Swift is a local attorney who has been practicing in Delaware since 2014 and is therefore more than capable of providing helpful testimony as to the proper rates to be awarded. Ms. Swift was asked to provide appropriate hourly rates for attorneys practicing before this Court based on the experience level of the attorneys who represented Plaintiff in this case. *See*, Ex. A. In addition, Plaintiff's counsel looked to the guidance propounded by Community Legal Services ("CLS"), which is used in Pennsylvania for fee petitions relating to non-profits and has been endorsed by the federal district courts and the Third Circuit. The CLS billing rates are materially lower than those ordinarily charged by professionals at Schnader, Dilworth, and Whiteford at those experience levels. The CLS rate schedule for 2023[2] is set out below:

| Experience | Billing Rate |
| --- | --- |
| Attorneys post-law school experience under 2 years | $235-260 |
| Attorneys 2-5 year's experience | $265-315 |

---

[2] Attorney Fees, Community Legal Services of Philadelphia, https://clsphila.org/about-community-legal-services/attorney-fees/ (last visited June 28, 2024).

| Attorneys 6-10 year's experience | $320-415 |
| --- | --- |
| Attorneys 11-15 year's experience | $420-525 |
| Attorneys 16-20 year's experience | $535-625 |
| Attorneys 21-25 year's experience | $630-715 |
| Attorneys more than 25 year's experience | $735-850 |
| Law Students | $140-190 |
| Paralegal 1-10 years experience | $190-240 |
| Senior and Supervisory Paralegal | $245-285 |

Ms. Swift's opinion is consistent with the commonly-accepted CLS rates.

Therefore, the rates sought by the professionals in this case are reasonable and reflect the prevailing rates for lawyers and paralegals with comparable skill and standing in the relevant legal community.[3]

### 2. **Reasonable Hours**

The final step of the lodestar analysis is calculating the hours for which Plaintiff seeks an award of fees. Plaintiff's attorneys contemporaneously recorded time sheets with descriptions of the work performed, and these records were kept in the regular course of business. All the attorneys have exercised billing discretion and have not charged for hours that would not, in private practice, ordinarily be billed to a client, or which are duplicative or redundant. As described below in

---

[3] Despite recognition that courts often approve compensation for law students, Plaintiff's counsel made an affirmative decision to eliminate over 38 hours of law student work from the instant fee petition. Counsel also eliminated the time value added for lawyers and paralegals who did not have a pivotal role on this case. To that end, the time value added for lawyers Katherine Prevost (ACLU), Casey Danoff (ACLU), Kristi Doughty (Schnader), Stephenie Yeung (Schnader) and legal assistants Gail-Anne Bobik (Schnader), Amanda Cullen (Schnader), and Susan Harding (Whiteford) has been subtracted from the totals, and are reflected as italicized deductions on the Lodestar Spreadsheet, attached as Exhibit D hereto.

Footnote 3, Plaintiff does not seek an award for time billed by law students or attorneys or paralegals who had only a peripheral role.

Attached as Exhibit "B" is the declaration of Theresa Loscalzo, providing details on the hours by attorneys and paralegals at Schnader, Dilworth, and Whiteford and costs incurred by Schnader. Attached as Exhibit "C" is the declaration of Dwayne Bensing providing details on the hours by attorneys and paralegals at the ACLU and costs incurred by the ACLU. Attached as Exhibit "D" is a compilation of the time and costs underlying the Loscalzo and Bensing Declarations for an award of reasonable attorneys' fees and costs in this matter. Exhibit D also shows that Plaintiff is not seeking an award of fees for seven timekeepers, demarcated by negative, italicized totals in the "Lodestar" column.

### C. Calculation

The total time spent litigating the case, along with the litigation cost and expenses incurred in this Court are $3,659.54 in costs and expenses, and 996.95 hours totaling $495,531.75. in attorney time at prevailing rates. A summary of this lodestar calculation is found in Exhibit D. Details and supporting documentation for the expenses and hours of work incurred can be found in the declarations and time sheets attached to this brief as Exhibits B and C. The total lodestar in this case is thus $495,531.75.

Given the results achieved by Plaintiff in this case, the quantity of work required to litigate the dispute, and the complex constitutional issues involved, the costs and fees associated with the result obtained are reasonable.

### III. CONCLUSION

Plaintiff here is a prevailing party deserving of an award of reasonable attorneys' fees and costs. She sought to disrupt a government system which unconstitutionally made case-by-case choices to engage in content and viewpoint discrimination with virtually unfettered discretion. She

fought for almost three years, engaged in extensive fact discovery, and prevailed on summary judgment. As a result of that summary judgment ruling, Plaintiff has obtained broad injunctive relief upsetting an established unconstitutional system of broad discretion. For that reason, Plaintiff should be awarded her attorneys' fees and costs.

Plaintiff requests this Court enter an order in the form attached.

Respectfully submitted:

| | |
|---|---|
| /s/ *Dwayne J. Bensing* | */s/ Theresa E. Loscalzo* |
| Dwayne J. Bensing, Legal Director (#6754) | Theresa E. Loscalzo (Pro Hac Vice) |
| ACLU Delaware | Dilworth Paxson, LLP |
| 100 W. 10 Street, Suite 706 | 1500 Market Street, Suite 3500E |
| Wilmington, DE 19801 | Philadelphia, PA 19102 |
| Telephone: (302) 295-2113 | Telephone: (215) 575-7049 |
| Dated: July 12, 2024 | *Attorneys for Plaintiffs* |